### JOHN BROWN v. THE STATE.

No. 16576. Delivered March 28, 1934.

The opinion states the case.

*Reynolds M. Gardner,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, thirty days in the county jail.

The property alleged to have been stolen in this case was a bathtub and kitchen sink. For some reason best known to the authorities, the State introduced one Virgil Watts, who testified that he was present at appellant's residence the afternoon of October 20, 1932, and saw appellant give a generator and starter off an old model Studebaker car and a couple of dollars to boot,—in trade for said bathtub and sink. Mr. Robinett testified for the State, that appellant traded him a bathtub and sink for some furniture. Mr. Wheeler, the owner of the bathtub and sink in question, testified that someone took said tub and sink from a vacant residence under his control without his knowledge or consent. Deputy Constable Graves testified that he was appellant's brother-in-law, and that some time in October appellant told him he had done wrong and wanted to straighten it up. This is the substance of the State's case.

Appellant's wife testified that she was in the car with her husband and Mr. Graves, and that her husband never said anything about straightening up anything about any bathtub and sink. Appellant took the stand and testified that he traded a generator and starter off of a Studebaker car for a bathtub and kitchen sink and gave two dollars difference; that he got these things from a man by the name of Glenn.

In our opinion these facts are not sufficient to support a conviction. State witness Watts, for whose credibility the State vouched, seems to have completely destroyed the State's case when he testified that he was present when appellant traded for the alleged stolen articles.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*